Chateau Owners Corp., Respondent,
against
Thomas M. Monahan, Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Maria Ressos, J.), dated July 26, 2013, deemed from a final judgment of the same court entered July 26, 2013 (see CPLR 5512 [a]). The final judgment, entered pursuant to the order dated July 26, 2013 which, insofar as appealed from as limited by the brief, granted the branches of landlord's motion seeking (1) to dismiss tenant's fourth through seventh affirmative defenses and (2) summary judgment upon the petition, awarded landlord possession in a holdover summary proceeding.




ORDERED that the final judgment is reversed, without costs, so much of the order dated July 26, 2013 as granted the branches of landlord's motion seeking (1) to dismiss tenant's fourth through seventh affirmative defenses and (2) summary judgment upon the petition is vacated, and those branches of landlord's motion are denied.
Landlord, a cooperative corporation, commenced this holdover summary proceeding to recover possession of an apartment. As framed by landlord on appeal, the basis for the proceeding is that landlord terminated the tenancy on the ground that tenant had breached the lease by making plumbing modifications and installing a dishwasher without permission from the cooperative, and had failed to cure as required by a notice to cure. Tenant asserted several affirmative defenses, of which the fourth through seventh are relevant to this appeal. Tenant's fourth affirmative defense is that landlord had approved his first renovation plan but ignored his second renovation plan, and therefore unreasonably withheld permission for the installation of the dishwasher. His fifth affirmative defense is that there is nothing in the proprietary lease or any of the corporation's other governing documents that prohibits the installation of a dishwasher. His sixth affirmative defense is that the installation of a dishwasher did not affect the quality of water service or interfere with anyone's rights. His seventh affirmative defense is that landlord had approved tenant's plumbing modifications. Landlord moved to dismiss all of tenant's affirmative defenses (see CPLR 3211 [b]) and for summary judgment upon the petition. The Civil Court granted landlord's motion in its entirety, and a final judgment of possession was entered. Tenant appeals, as limited by his brief, from so much of the order as granted the branches of landlord's motion seeking to dismiss tenant's fourth through seventh affirmative defenses and summary judgment. The appeal is deemed to be from the final judgment of possession entered pursuant to the order (see CPLR 5512 [a]). A hearing was subsequently held on the issue of attorney's fees, after which a money judgment was entered in favor of landlord. The money judgment is not directly the subject of this appeal. 
Landlord alleges that tenant breached paragraph 21 (a) of the proprietary lease, which prohibits a tenant from making any additions to, or alterations of, water pipes or plumbing fixtures, without first obtaining landlord's consent, which shall not be unreasonably withheld or delayed. Tenant's seventh affirmative defense specifically alleges that landlord had approved tenant's plumbing modifications, and landlord did not demonstrate on its motion for summary judgment that this is not the case. In an attempt to do so, landlord submitted papers which its officer identified as the "scope of work" that tenant had submitted to the board and which the board had approved, and a plumbing invoice submitted by tenant, which the corporation itself had partially paid. The scope of work calls for, among other things, the replacement of valves under the sink. The invoice details the replacement of hot and cold shut off valves with hot and 
cold tile stops, the replacement of copper piping to accommodate tile stops, and the
replacement of waste piping in the wall. Thus, landlord's own submissions demonstrate that it had approved plumbing work, and landlord has not made any specific allegations about plumbing work performed in tenant's apartment that had not been approved. Consequently, tenant's seventh affirmative defense should not have been dismissed (see Mazzei v Kyriacou, 98 AD3d 1088 [2012]).
Furthermore, in our view, while paragraph 21 (a) requires a tenant to obtain permission before making plumbing modifications, which would include plumbing modifications made in connection with the installation of a dishwasher, it does not require a tenant to obtain permission for the installation of a dishwasher per se. Thus, as landlord did not demonstrate that tenant had breached paragraph 21 (a) of the lease by making unapproved plumbing modifications, and the installation of a dishwasher without obtaining permission is not a breach of the lease, landlord should not have been awarded summary judgment. 
Finally, landlord did not demonstrate that tenant's fourth, fifth and six affirmative defenses lack merit as a matter of law, which is the movant's burden on a motion to dismiss defenses pursuant to CPLR 3211 (b) (see id. at 1089).
Accordingly, the final judgment is reversed, so much of the order dated July 26, 2013 as granted the branches of landlord's motion seeking (1) to dismiss tenant's fourth through seventh affirmative defenses and (2) summary judgment upon the petition is vacated, and those branches of landlord's motion are denied.
Pesce, P.J., and Solomon, J., concur.
Weston, J., dissents in a separate memorandum.
Weston, J., dissents and votes to affirm the final judgment in the following memorandum:
I vote to affirm the final judgment.
It is undisputed that tenant submitted two sets of renovation plans for approval. The initial plan was approved by landlord, which permitted plumbing work to be performed on the premises. The second plan, which requested installation of a dishwasher, was not approved at the time tenant had it installed. Landlord commenced this holdover proceeding when tenant failed to timely cure the default. Summary judgment was granted to landlord, and attorney's fees were subsequently awarded. Tenant's present appeal, in which he is represented by counsel, is limited to the judgment of possession. 
Landlord's submissions are sufficient to entitle it to judgment as a matter of law and to warrant the dismissal of tenant's affirmative defenses. Paragraph 18 (c) of the proprietary lease grants landlord the authority to remove any "appliances" that shall, in the landlord's "sole judgment," result in damage to the building, including "overloading of, or damage to facilities maintained by [landlord] for the supplying of water, gas, electricity or air conditioning to the building." Paragraph 21 (a) of the lease further provides that tenant "shall not, without first obtaining the written consent of [landlord], which consent shall not be unreasonably withheld or delayed, make in the apartment . . . any alteration of or addition to the water, gas, or steam risers or pipes, . . . plumbing fixtures, . . . or any other installation or facility in the apartment." Reading these provisions together, it is clear that tenant was required to seek landlord's approval [*2]before installing the dishwasher, and that landlord had exclusive discretion to deny such installation as detrimental to the building. Although landlord had approved tenant's plumbing modifications in his initial plan, nothing in that plan mentioned the installation of a dishwasher. By submitting a separate plan for the installation of a dishwasher, tenant acknowledged that the installation required permission.
Nevertheless, tenant claims that landlord had unreasonably withheld that permission. The fact that landlord did not render a determination on the installation of the dishwasher as quickly as it did on the initial plan for plumbing modifications does not suggest an unreasonable delay. Even if such delay were unreasonable, nothing in the proprietary lease authorizes tenant to make an alteration that is otherwise prohibited by the lease.
Finally, to the extent tenant claims that an issue of fact remains as to whether installation of the dishwasher would adversely affect the building, I disagree. The clear wording of the proprietary lease vests landlord with "sole judgment" to remove any appliances which it deems to be adverse to the building. Since landlord, in denying the installation of the dishwasher, was acting for the purpose of the cooperative and within the scope of its authority under the proprietary lease, I see no reason to disturb landlord's denial (40 W. 47th St. v Pullman, 100 NY2d 147, 153 [2003]).
Accordingly, I vote to affirm the final judgment.
Decision Date: March 30, 2016